426 So.2d 882 (1982)
Ex parte State of Alabama Ex Rel. Attorney General.
(Re Gerald Len VOGEL and Robert Louis Vogel
v.
STATE of Alabama).
Ex parte Robert Louis VOGEL and Gerald Len Vogel.
(Re Gerald Len Vogel and Robert Louis Vogel
v.
State of Alabama).
80-168, 80-175.
Supreme Court of Alabama.
July 23, 1982.
Rehearing Denied February 11, 1983, Opinion Extended.
*883 Charles A. Graddick, Atty. Gen., and Jane LeCroy Brannan, Sandra M. Solowiej, J. Thomas Leverette, and Joseph G. L. Marston, Asst. Atty. Gen., for petitioner.
Frank M. Riggs, Montgomery, for defendants.
ADAMS, Justice.
This Court's opinion of September 18, 1981, in which this Court reversed the judgment of the Court of Criminal Appeals, is withdrawn, and the following opinion is substituted for it:
On October 2, 1981, the State of Alabama moved for a rehearing, praying that the judgment of this Court, entered on September 18, 1981, be set aside. During the pendency of the application for rehearing, our research revealed that the United States Supreme Court had decided to re-examine Robbins v. California, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981), the litigation which provided the cornerstone for our original decision in the instant case. United States v. Ross, ___ U.S. ___, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), recently decided, was the litigation used to make the new legal pronouncement.
The facts in Robbins were strikingly similar to the facts in the case sub judice. In that case, the defendant was smoking marijuana when he was stopped by police officers. They found a large amount of marijuana in two packages wrapped in green opaque plastic located in the luggage compartment of the station wagon driven by the defendant. Although the California Court of Appeals held that the warrantless search was justified because "the contents of the package could have been inferred from the outward appearance, so that appellant could not have held a reasonable expectation of privacy with respect to the contents," the United States Supreme Court reversed on that point. In the instant case, police officers, while on routine patrol of a dirt road in a rural area, came upon a parked car in the middle of a branched road *884 leading to a seldom used airstrip. The lid of the trunk of the car was up and the officers saw two men fumbling around in the trunk. On examination of the car, the officers saw three green, apparently new, duffel bags which they thought contained marijuana because of the "brick" shaped imprints on the bag visible on the back seat.
Our Court of Criminal Appeals held that because of the recent purchase of the duffel bags and the fact that they "... were quite obviously stuffed with `brick' shaped objects, giving the indication of anything but personal effects," the duffel bags were not entitled to the protection of the 4th Amendment to the Constitution of the United States. Various illegal drugs were found inside the duffel bags. Following the precedent laid down in Robbins v. California (a case which had not been decided by the Supreme Court when the Alabama Court of Criminal Appeals rendered its decision), we reversed.
Seeking not to further confuse the law in this troubled area, we stayed our decision on rehearing awaiting the outcome of the Supreme Court's decision in Ross. Our trepidation was justified. Section V of the Court's opinion in Ross candidly admits "[o]ur decision today is inconsistent with the disposition in Robbins v. California and with the portion of the opinion in Arkansas v. Sanders on which the plurality in Robbins relied." (Emphasis added.)
The 4th Amendment proscribes all searches and seizures without the prior approval of a judge or magistrate, subject only to a few well defined exceptions which were pointed out in our previous opinion in this case. One of these exceptions was exigent circumstances coupled with probable cause. This exception was usually applied in automobile cases, because of the very transient nature of the automobile, but it did not allow search of objects contained in the automobile or vehicle where there was a reasonable expectation of privacy. As pointed out in our previous opinion, such searches could be obtained by a police officer's seizing the vehicle and then applying to a magistrate for a search warrant to examine the contents of a container[1] which was the subject of the privacy expectation. Ross has now changed this law.
We also believe the facts stated in the Court of Criminal Appeals' decision make out a case of probable cause to detain the defendants' vehicle. Now, under Ross, it has been held:
[A]n individual's expectation of privacy in a vehicle and its contents may not survive if probable cause is given to believe that the vehicle is transporting contraband.... These interests must yield to the authority of a search, however, whichin light of Carrolldoes not itself require the prior approval of a magistrate. The scope of a warrantless search based on probable cause is no narrower and no broaderthan the scope of a search authorized by a warrant supported by probable cause. Only the prior approval of the magistrate is waived; the search otherwise is as the magistrate could authorize. Ross, ___ U.S. ___, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
Under the facts in this case, a magistrate would have been justified in issuing a search warrant for the contents of the Vogels' vehicle. We, therefore, hold that the officers' search of the duffel bags offended no constitutional principle. As to the second issue on which we granted certiorari, the writ is quashed as improvidently granted.
Application for rehearing is granted; our prior opinion is withdrawn and this opinion is substituted; the prior judgment of this Court is vacated; the judgment below, 426 So.2d 863 (Ala.Cr.App.1980), is due to be affirmed.
APPLICATION FOR REHEARING GRANTED; JUDGMENT OF SEPTEMBER *885 18, 1981, VACATED; OPINION OF SEPTEMBER 18, 1981, WITHDRAWN, NEW OPINION SUBSTITUTED; AND JUDGMENT OF THE COURT OF CRIMINAL APPEALS AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON, SHORES and BEATTY, JJ., concur.
FAULKNER, JONES and EMBRY, JJ., concur specially.
FAULKNER, Justice (concurring specially).
I concur in the granting of the application for rehearing, vacating the judgment, and affirming the judgment of the trial court on the authority of United States v. Ross, ___ U.S. ___, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). However, in concurring,
I am not without a feeling of apprehension.
Ross has all the ingredients of permitting some law enforcement officers to run amuck and commit rape on the Fourth Amendment. Some government agents and agencies have interpreted Ross as giving them the right to make a warrantless search of an automobile on mere suspicioneven for committing the awful crime of running a stop sign. This gives me a great deal of concern for the rights of innocent victims of overzealous, untrained, uneducated and unskilled officers. Therefore, I want to emphasize these words in Ross:
"The scope of a warrantless search based on probable cause is no narrowerand no broaderthan the scope of a search authorized by a warrant supported by probable cause. Only the prior approval of the magistrate is waived; the search otherwise is as the magistrate could authorize."
The key is probable cause. And, without probable cause the law enforcement official is back to square one. Any search by him without probable cause is a violation of the constitutional rights of the citizen searched.
EMBRY, J., concurs.
JONES, Justice (concurring specially).
I concur in the opinion on rehearing. On original deliverance I voted to reverse the Court of Criminal Appeals' affirmance of the conviction. I felt constrained to follow Robbins although I viewed the Robbins holding as directly in conflict with New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). See Justice Stevens's dissent in Robbins. United States v. Ross, which overrules Robbins, accords with my initial view of the reasonableness criteria governing the instant Sec. 5 search and seizure issue.
I write separately to express another dimension involved in these cases which state courts all too frequently overlook: The function of the state appellate court to test the constitutional challenge against state constitutional rights and guarantees. Alabama does, indeed, have its own constitution; and while the Supremacy Clause proscribes this Court's interpretation of the United States Constitution as extending rights beyond those given through its interpretation by the United States Supreme Court, there is no prohibition against a state court's interpreting its own state constitution so as to extend to its citizens rights and protections beyond those granted by the United States Constitution.
Stated another way: So long as this Court does not impose greater restrictions upon police activity as a matter of federal constitutional law when the United States Supreme Court specifically refrains from imposing them, the State is free, as a matter of its own law, to so impose such greater restrictions. This is another way of saying that this Court not only may, but indeed has the duty to, when raised, address constitutional challenges under our State Constitution; and while its interpretation must comport with the minimum standards prescribed by the United States Supreme Court's interpretation of the U.S. Constitution, the state courts may interpret their own constitutions as being broader and affording greater protection than such minimum *886 federal standards. Oregon v. Hass, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975). Sec. 5 of the Alabama State Constitution proscribes "unreasonable seizure or searches" and mandates that "no warrant shall issue ... without probable cause" with at least the same degree of force and clarity as the 4th Amendment to the U.S. Constitution. In the instant case I would not hesitate to reach a result contrary to Ross if, in fact, I was of the opinion that these accuseds' rights against unreasonable search and seizure, as guaranteed by the State Constitution, had been violated.
I am not repelled by the notion that strict enforcement of constitutional guarantees renders prosecution and conviction of the criminal accused more difficult. To this popular charge I can only answer: I agree, but the mandate is not mine; it is the constitution's. To relax its protection as to any one of us weakens its capacity to safeguard the freedom of all of us.
I have restudied the facts and circumstances of the instant case as set out in the opinion of the Court of Criminal Appeals. Whether there was probable cause to detain the stopped car and its passengers, and then search the car and its passengers, is a close question. Had all these facts been put before a magistrate, I believe his authority to issue a warrant for the search of the car and seizure of any discovered contraband would be sustainable. Interpreting Sec. 5 of the Alabama Constitution, I find the police activity regarding the search and seizure not to be unreasonable.

ON APPLICATION FOR SECOND REHEARING
ADAMS, Justice.
The opinion of this Court of July 23, 1982, is extended for the purpose of clarification. This Court granted two petitions for certiorari, one filed by the defendants and one filed by the State. The opinion of this Court of July 23, 1982, is directed to the petition of the defendants, and on review by certiorari the judgment of the Court of Criminal Appeals was affirmed as to that court's determination of the search and seizure issue. The State's petition for certiorari was granted so that this Court could consider the question whether the simultaneous possession of several types of drugs, where the fact of possession occurs at the same time and in the same place, constitutes multiple possession offenses; that writ of certiorari was quashed on July 23, 1982, as improvidently granted.
OPINION EXTENDED; APPLICATIONS FOR REHEARING OVERRULED.
All the Justices concur.
NOTES
[1] Arkansas v. Sanders, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979) and United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977).